# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 7. Mediation Questionnaire

*Instructions for this form:* *https://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** | 25-4692

**Case Name** | Protect The Peninsula's Future, et al. v. Jamestown S'Klallam Tribe, ⊞

**Counsel submitting this form** | Lauren P. Rasmussen

**Represented party/parties** | Jamestown S'Klallam Tribe, Appellants - Limited Intervenor Defendants

*Briefly describe the dispute that gave rise to this lawsuit.*

The Dungeness Bay tidelands are part of the Jamestown S'Klallam Tribe's ("Tribe") historical fishing territory, where it possesses rights to cultivate shellfish. In 1943, the State of Washington, tideland owners, granted an easement to the United States for certain tidelands. In 1983, the Tribe obtained a letter of agreement from the United States Fish & Wildlife Service (USFWS) regarding its recognition of reserved Treaty rights and continued access.

The USFWS indicated to the Tribe no further permits were needed for its oyster farm because it lacked jurisdiction over the lease area.

On August 16, 2023, Plaintiffs sued the Federal Defendants claiming failure of its duties under the Refuge Act when USFWS decided the Tribe needed no further permits. The Court later held the Tribe was not "necessary," and the claims did not impact the Tribe's legal rights even though the case is uniquely focused on the Tribe's farm and lease.

*Feedback or questions about this form? Email us at* *forms@ca9.uscourts.gov*

**Form 7** | *Rev. 09/01/22*

*Briefly describe the result below and the main issues on appeal.*

The district court initially allowed the Tribe limited intervention of right, finding it possessed lease rights and other legal rights to the Dungeness Bay tidelands that would be impacted by the case, but after the Tribe filed its motion to dismiss, the court determined the Tribe was not necessary and that Plaintiffs' claims did not impact its legal rights.

A key issue is whether the Court was incorrect in finding that the claims do not impact the Tribe's legal rights when the Tribe has possessed a tideland lease from the State since 1990, and has operated the farm and invested in it for decades and the Plaintiffs claims that the later enacted Refuge Act operates to limit Tribal activities in the lease area would deprive the Tribe of needed shellfish  and resources and seeks to deprive the Tribe of the treaty right to engage in aquaculture.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

The district Court has no jurisdiction to determine whether or not there is a treaty right to engage in aquaculture and has, in determining the Tribe possesses no rights that are impacted and its conclusion that the Tribe is not necessary has undermined and side-stepped the case with jurisdiction over treaty issues, and the orders and procedures of United States v. Washington, No. C70-9213.

The two remaining parties to the case have indicated that they are interested in engaging in settlement, without the Tribe, to resolve the key issues in the case and thereby seek to impact the Tribe without it having a say in the matter.

**Signature** Lauren P. Rasmussen          **Date** 8/1/2025

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**                                                                 *Rev. 09/01/22*

2